UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CA, et al.,<br><br>Defendants. | No. 2:18-cv-2985 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and his complaint for screening. For the reasons set forth below, the court will recommend dismissal of this action without leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). (See ECF No. 2.) Nevertheless, because this court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

////

////

////

1

**SCREENING**

I.    **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Analysis

Plaintiff alleges that his claims occurred in the Colusa County Superior Court. He identifies as defendants the State of California, the Colusa County Superior Court, and David Ricky Nelson, who was plaintiff's appointed counsel in a 2018 criminal proceeding. Plaintiff alleges errors in criminal proceedings in Colusa County Superior Court in 2015, 2016, and 2018. In a motion to add allegations to his complaint, plaintiff contends Nelson erred in one of the criminal proceedings. (ECF No. 11.) These alleged errors may not form the basis for a claim under § 1983 for at least two reasons.

First, plaintiff may not maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, in situations where the plaintiff's success on the § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first demonstrate he has received a "favorable termination" of his criminal conviction through a reversal or similar court action. Id. Plaintiff has not done so. Plaintiff's claims should be raised, if at all, in a habeas proceeding.

Second, none of the defendants named in this action are appropriate. The superior court is not a proper defendant because § 1983 requires a showing of a violation committed by a "person

acting under the color of state law." The State of California is not a proper defendant because the Eleventh Amendment bars suit against the state. See Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984). Finally, plaintiff's appointed criminal defense attorney was not acting under color of state law and, therefore, may not be sued under § 1983.

The undersigned finds none of plaintiff's putative claims cognizable under § 1983, and therefore concludes that amendment of the complaint would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS RECOMMENDED that:

1. The complaint (ECF No. 1) be dismissed without leave to amend for failure to state a potentially cognizable claim;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) and motion to add allegations to the complaint (ECF No. 11) be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////
////

4

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2019

[signature]
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/azev2895.scrn fr